FAYER GIPSON LLP
A Limited Liability Partnership
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@fayergipson.com
GREGORY A. FAYER (State Bar No. 232303)
GFayer@fayergipson.com
MINH Z. KUO (State Bar No. 247489)
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: (310) 557-3558
Facsimile:  (310) 557-3589

Attorneys for Plaintiffs
WORLD GYM INTERNATIONAL IP, LLC,
A Delaware limited liability company;
WORLD GYM INTERNATIONAL, LLC
A Delaware limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD GYM INTERNATIONAL IP, LLC, a Delaware Limited Liability Company; WORLD GYM INTERNATIONAL, LLC, a Limited Liability Company.<br><br>Plaintiffs,<br><br>v.<br><br>FALKEN ACQUISITIONS INC., a Canadian corporation; PHILLIPE FALKENBERG, a natural person; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV13-02021 DMG (SHx)<br><br>**PLAINTIFFS' RENEWED REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT FALKEN ACQUISITIONS INC.**<br><br>Judge:     Dolly M. Gee<br>Courtroom: 7<br><br>Action filed: March 20, 2013<br>Trial date:   Not set |

**RENEWED REQUEST FOR ENTRY OF DEFAULT**

# RENEWED REQUEST FOR ENTRY OF DEFAULT

Pursuant to this Court's September 16, 2014 minute order, plaintiffs World Gym International IP, LLC ("World Gym IP") and World Gym International, LLC ("World Gym") (collectively, "Plaintiffs" or "World Gym Companies"), by and through their undersigned counsel hereby requests this Court to enter default as to defendant Falken Acquisitions Inc. ("Falken") upon the First Amended Complaint heretofore filed and served upon Falken on July 10, 2014.

## I.  FACTUAL BACKGROUND

On May 16, 2014, Plaintiffs filed a First Amended Complaint against Defendants Falken Acquisitions Inc. and Philippe Falkenberg, alleging claims of trademark infringement under United States and Canadian law stemming from Defendants' continued unauthorized use of Plaintiffs' trademarks in connection with Defendants' gym after Defendants' franchise agreement with Plaintiffs expired. (Dkt. No. 16, First Amended Complaint).

On August 11, 2014, Plaintiff filed a Proof of Service regarding service of defendant Falken pursuant to the terms of the Hague Convention. (Dkt. No. 21, Certificate of Service). As detailed in the Proof of Service, Plaintiff had obtained a registry report for Falken from the British Columbia Registry Services that listed both the mailing address and the delivery address for Falken's registered office. (Dkt. No. 21-1, BC Company Summary for Falken).

As further indicated in Plaintiffs' Proof of Service, the First Amended Complaint and Summons were personally delivered by British Columbia Deputy Sheriff Paul Johnstone to Earmme and Associates, a law firm operating at the exact registered office address for delivery on July 10, 2014. (Dkt. No. 21-2, Certificate of Service, p.5). The British Columbia Central Authority agreed that such service was sufficient to effect personal service on Falken, as Central Authority Administrator Doris Dardengo indicated in her July 15, 2014 letter to Plaintiffs' counsel attaching the Certificate of Service: "[t]he above-referenced documents have been served …"

1  (Dkt. No. 21-2, Certificate of Service, p. 2).  Furthermore, Plaintiff's counsel
2  independently confirmed that Earmme and Associates was the registered agent of
3  service for Falken.  (Dkt. No. 29-1, Millard Decl. ¶ 2).
4       On September 16, 2014, this Court noted that Plaintiffs had supplied: (1)
5  evidence showing that Earmme and Associates is the registered agent for service on
6  Falken and (2) legal authority to support the contention that delivery at a corporation's
7  registered address is sufficient to effect personal service under the law of British
8  Columbia, Canada, and instructed Plaintiffs to renew their request for entry of default.
9  (Dkt. No. 30).

## II.    ARGUMENT

     As stated in Plaintiff's  Response to the Court's Order to Show Cause re: Dismissal (Dkt. No. 29), Federal Rules of Civil Procedure 4(h)(2) and 4(f) set forth the process for serving a foreign corporation outside the judicial districts of the United States.  A plaintiff may serve a litigant who is not present within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(f)(1); *see generally* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").

     "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Canada is a signatory to the Hague Convention. As the district court in *Universal Trading & Inv. Co. v. Kiritchenko,* No. C–99–3073 MMC, 2007 WL 295548, at *2 (N.D.Cal. Jan.30, 2007) summarized:

> Service pursuant to the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request For Service containing inter

alia, a form Summary of the Documents to be Served. *See* Hague Convention arts. 2–5. Once the Central Authority has served a document, it is required to 'complete a certificate' stating that 'the document has been served and ... the method, the place and the date of service and the person to whom the document was delivered.' *See id* art. 6. The Hague Convention expressly provides that '[w]here a ... summons ... had to be transmitted abroad for the purpose of service, under the provisions of the [Hague] Convention, and the defendant has not appeared, judgment shall not be given unless it is established that ... the service or delivery was effected in sufficient time to enable the defendant to defend.' *See* Hague Convention art. 15.

Under British Columbia law, a corporation may be personally served "in the manner provided by the Business Corporations Act or any enactment relating to the service of court documents". Supreme Court Civil Rules, B.C. Reg. 168/2009, Rule 4-3(2)(b) (British Columbia). Furthermore, the Business Corporations Act specifies that documents in legal proceedings may be served "unless the company's registered office has been eliminated under section 40, by *delivering the record to the delivery address*, or by mailing it by registered mail to the mailing address, *shown for the registered office of the company in the corporate register…*" British Columbia Business Corporations Act, R.S.B.C. 2002, c.57, Section 9(1)(a). For this reason, corporations are required by British Columbia law to list both a registered office delivery address and mailing address with the British Columbia Registry Services. *Id.*, Section 34(1) ("Subject to section 40, a company *must* maintain a registered office and a records office in British Columbia.") (emphasis added).

Here, Plaintiffs' actions satisfy the British Columbia requirements for personal service on Defendant Falken, and therefore Falken must be considered personally served pursuant to Federal Rule Civil Procedure 4(f)(1) on July 10, 2014. Accordingly, Falken's deadline to answer or file a motion to dismiss was July 31, 2014. Falken has failed to appear, plead or otherwise defend this action. Plaintiffs are

therefore entitled to the entry of default against Defendant Falken.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter default against Defendant Falken.

DATED: September 26, 2014

FAYER GIPSON LLP
A Limited Liability Partnership
ELLIOT B. GIPSON
GREGORY A. FAYER
MINH Z. KUO


By__s/Minh Z. Kuo_____
         MINH Z. KUO
Attorneys for Plaintiffs
WORLD GYM INTERNATIONAL IP, LLC;
WORLD GYM INTERNATIONAL, LLC